NATIONAL SURETY COMPANY v. STATE EX REL. CHAMBERLIN.

4-2940

Opinion delivered March 27, 1933.

*Barber & Henry,* for appellant.

*Roy D. Campbell* and *Horace Chamberlin,* for appellee.

HUMPHREYS, J. Appellee brought suit against appellant in the circuit court of Pulaski County, Third Division, to recover a law fee of $1,010 and interest due him

from the Equitable Casualty & Surety Company, a foreign corporation, which was authorized to do business in the State of Arkansas, alleging that appellant signed a qualifying bond under the requirements of § 6134 of Crawford & Moses' Digest, as amended by act No. 493 of the Acts of 1921, when the Equitable Casualty & Surety Company of New York entered this State for the purpose of conducting a fidelity and insurance business. Appellant filed an answer denying liability under the bond for an attorney's fee.

A jury trial was waived, and the court heard the case sitting as a jury, which resulted in a judgment in favor of appellee against appellant on its bond in the sum of $1,117.80, from which is this appeal.

The sole question involved on this appeal is whether the qualifying bond executed to the State of Arkansas by appellant as surety for the Equitable Casualty & Surety Company was intended to cover obligations other than the fidelity and guaranty contracts issued by that company.

The qualifying bond, signed by appellant as surety for the Equitable Casualty & Surety Company, is as follows:

"Know All Men By These Presents:

"That we, Equitable Casualty & Surety Company, as principal, and the National Surety Company, a corporation organized under the laws of the State of New York, as surety, are held and firmly bound unto the State of Arkansas in the sum of fifty thousand and 00/100 ($50,000) dollars, lawful money of the United States, for the payment of which well and truly to be made, we hereby bind ourselves, our successors and assigns, jointly, severally and firmly by these presents.

"The conditions of the above obligation are such that:

"Whereas: The said principal has filed its charter and statement and in other respects conformed to the requirements of the statutes for the transaction of a guaranty and surety insurance business in Arkansas; and

"Whereas: The said company proposes to enter this State (or continue in this State) for the purpose of transacting a guaranty and surety insurance business.

"Now therefore, if the said principal shall promptly pay, when due, all claims and obligations arising or accruing in this State by virtue of any bond or contract made by said principal, and all amounts due the State of Arkansas, by virtue of any statute, and in all respects comply with the laws of said State, then this obligation shall become void; otherwise to remain in full force and effect.

"Witness our hands and seals this 20th day of March, 1929.

"Equitable Casualty & Surety Company,
"By Robert Maloy,
(Seal). "Principal.
"Countersigned: National Surety Company,
"By A. Daniels,
"Surety.

"By E. B. Bloom,
"(Licensed Resident by S. S. Bowman, Agent for Arkansas.)
"(SEAL)."

It will be observed that the language of the bond is broader than the statute which the trial court read into it, but there is no conflict between the statute and the language used in the bond. Even if the statute were construed to cover liability upon the fidelity and guaranty contracts only, the language of the bond is broader, and covers "all claims and obligations arising or accruing in this State by virtue of any bond or contract made by said principal." It is unnecessary to decide the extent of the liability under the language of the statute when the language of the bond itself unambiguously binds appellant as surety to promptly pay all claims and obligations arising or accruing in this State by virtue of any contract made by the principal. There is no dispute in the testimony as to the employment under written contract of appellee, Chamberlin, by the Equitable Casualty & Surety Company, and that he performed legal services for it in the amount sued for.

No error appearing, the judgment is affirmed.

Mr. Justice BUTLER disqualified and not participating.